6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 David H. CAPLE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3645.
 United States Court of Appeals, Federal Circuit.
 Sept. 7, 1993.
 
 Before ARCHER, MICHEL, and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 
 1
 David H. Caple petitions for review of the July 22, 1992 decision of the Administrative Judge (AJ) in three consolidated appeals before the Merit Systems Protection Board (MSPB or Board): Docket Nos. DC0752910148-M-1, DC075290C0110, and DC0752910675-I-1. In his decision, the AJ dismissed all three appeals for lack of jurisdiction based upon a previous settlement agreement. The AJ's decision became the final decision of the Board on August 25, 1992. We affirm.
 
 DISCUSSION
 
 2
 * On February 6, 1990, Mr. Caple and the United States Postal Service (agency) entered into an agreement settling Mr. Caple's appeal of his November 25, 1989 demotion from EAS-16 Superintendent of Postal Operations at the Owings Mills, Maryland Post Office to EAS 15 Supervisor of Mails and Delivery at the Cockeysville, Maryland Post Office (MSPB Docket No. DC075290C0110). The AJ presiding over the action found that the settlement agreement constituted a complete resolution of the matter and dismissed the appeal.
 
 
 3
 On November 19, 1990, Mr. Caple was demoted from his EAS-15 position to the PS-4 position of Mail Processor, Part-time flexible schedule, based upon his failure to properly perform various duties. Mr. Caple appealed the demotion on December 10, 1990 (MSPB Docket No. DC0752910148-M-1) (the demotion appeal). In a February 6, 1991 initial decision, the AJ concluded that the Board lacked jurisdiction over the appeal because of the February 6, 1990 settlement agreement. The Board denied Mr. Caple's petition for review in an Order dated June 17, 1991. An appeal to this court followed.
 
 
 4
 On May 29, 1991, while the demotion appeal was pending before the Board, Mr. Caple filed an Equal Employment Opportunity (EEO) complaint with the agency, alleging that his November 19, 1990 demotion was in retaliation for his previous EEO activities.
 
 
 5
 On June 7, 1991, Mr. Caple filed an appeal with the MSPB seeking enforcement of the February 6, 1990 settlement agreement, which he alleged the agency had breached (MSPB Docket No. DC075290C0110) (the enforcement action).
 
 
 6
 On June 21, 1991, the agency dismissed Mr. Caple's EEO complaint, characterizing the previous appeal of his demotion as a "mixed case". The agency noted that "whichever action the employee files first is considered an election to proceed in that forum." On July 9, 1991, Mr. Caple appealed the dismissal of his EEO complaint to the MSPB (MSPB Docket No. 752910675-I-1) (the EEO-related appeal). A month later, on August 8, 1991, the agency reversed itself, withdrawing its June 21, 1991 dismissal of the EEO complaint and declaring that the complaint would be handled as a non-mixed action complaint. The agency asked the AJ to dismiss the EEO-related appeal for lack of jurisdiction.
 
 
 7
 On August 27, 1991, the AJ issued an initial decision dismissing the EEO-related appeal under the doctrine of res judicata based upon the February 6, 1991 dismissal of the demotion appeal. That same day, the AJ also dismissed the enforcement action. The Board affirmed the dismissal of the EEO-related appeal on January 7, 1992, and denied Mr. Caple's petition for review of the dismissal of the enforcement action on January 3, 1992. Appeals to this court followed.
 
 
 8
 On February 19, 1992, we remanded the demotion appeal to the MSPB. On April 3, 1992, we remanded the appeal of the enforcement action and the EEO-related appeal to the MSPB. On July 22, 1992, following a hearing, the AJ issued the initial decision which we now review. In the decision, the AJ dismissed all three appeals for lack of jurisdiction based upon the February 6, 1990 settlement agreement. Essentially, he found that the nine specifications supporting the demotion were allegations of unsatisfactory performance, and thus were unappealable under the terms of the settlement agreement, in which Mr. Caple agreed "not to appeal any Management action based on unsatisfactory performance during [the] 12-month period" following the settlement agreement. As far as Mr. Caple's enforcement action and his EEO-related appeal were concerned, the AJ stated, in each case, that the contentions in those matters had been considered and rejected in his analysis in connection with the demotion appeal.
 
 II
 
 9
 We consider first the demotion appeal and the enforcement action. The clear language of the settlement agreement deprived the Board of jurisdiction over appeals of a timely action by the agency based on unsatisfactory performance. See McCall v. United States Postal Serv., 839 F.2d 664 (Fed.Cir.1988). The AJ found that the agency's charges pertained to unsatisfactory performance and were not frivolous and that the agency had not itself breached the settlement agreement. We review a decision of the Board under a narrow standard. We may not reverse such a decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). Having reviewed the AJ's thorough findings, we cannot say that they are not supported by substantial evidence. Neither can we say that the AJ erred, as a matter of law, in his interpretation of the settlement agreement.
 
 
 10
 Turning to the issue of the EEO-related appeal, we agree that the Board lacked jurisdiction, but not because of the settlement agreement. The appeal was subject to dismissal for lack of jurisdiction on the ground that, as a non-mixed action complaint, it was beyond the jurisdiction of the Board. See Cruz v. Department of the Navy, 934 F.2d 1240, 1245-46 (Fed.Cir.1991) (in banc ). Accordingly, we affirm the dismissal of the EEO-related appeal for lack of jurisdiction based upon the fact that the appeal was not a mixed action.